UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAYA IFE', Plaintiff, -against- KAMALA HARRIS; ELON MUSK; MARK ZUCKERBERG; META PLATFORMS, INC.; PETER THIEL; ALEXANDER KARP; PALANTIR TECHNOLOGIES; JOHN/JANE DOES 1-100+ (EXECUTIVE/ AGENCY/ PROXIES), Defendants. | 1:25-CV-7641 (LLS) ORDER OF DISMISSAL |

LOUIS L. STANTON, United States District Judge:

Plaintiff Maya Ife', of New York, New York, who appears *pro se*, brings this action invoking the court's diversity jurisdiction. In her complaint, she seeks damages, as well as preliminary and injunctive relief, "including but not limited to orders prohibiting ongoing digital and physical surveillance and barring [D]efendants and their proxies from further monitoring, harassing, or delaying Plaintiff[,] including [with respect to] court access and legal research." (ECF 1-1, at 9.) She asserts claims of: (1) "Copyright Infringement"; (2) "Trade Secret Misappropriation"; (3) "Federal Anti-Stalking [and] Cyberstalking"; (4) "Wiretap and Electronic Surveillance Violations"; (5) "Conspiracy to Violate Federal Laws"; (6) "Obstruction of Justice and Court Access . . . including direct interference with Plaintiff's efforts to research, draft, and file this action"; (7) "Retaliatory Eviction [and] Housing Discrimination," invoking the Fair Housing Act; (8) Intentional Infliction of Emotional Distress; (9) "Civil Rights Violations under Color of Law," invoking 42 U.S.C. § 1983; (10) "Suppression of Speech and Censorship (First Amendment & § 1983 as applicable)"; and (11) "Witness Intimidation and Threats to Safety." (*Id.* at 8.)

Plaintiff names the following individuals and entities as Defendants: (1) former Vice President Kamala Harris; (2) Elon Musk; (3) Mark Zuckerberg; (4) Meta Platforms, Inc.; (5) Alex Karp; (6) Peter Thiel; (7) Palantir Technologies "and related corporate actors supporting the alleged campaign"; and (8) unidentified "John/Jane Does 1-100+ (Executive/Agency/Proxies)." (*Id.* at 1-2.)

While not named as Defendants, Plaintiff describes the following individuals and entities as "Additional Parties/Participants": (1) Sundar Pichai; (2) Google "and related corporate actors supporting the alleged campaign"; (3) Sam Altman; (4) Open AI; (5) "John/Jane Does 1-100+: Community members and residents as participating proxies acting on behalf of primary defendants"; (6) "Julie Goldberg of/via City Bar Justice Center"; (7) the "Church of Jesus Christ and Latter Day Saints (Harlem 128 St. & Lenox Ave)"; (8) New York Life Insurance Company; (9) New York Life Insurance and Annuity Corporation; (10) NYC Mini Storage Inc.; (11) the "Dept of Motor Vehicles"; (12) "T-Mobile Executive Team via Assurance Wireless"; (13) "Andrew M. Stengel and Sarah X? of https://stengellaw.com/"; (14) "WIX.com and Executive Team"; (15) "Godaddy and Executive Team"; (16) "Olgam Plasma Donation Center (Bronx 2914 3rd Ave)"; (17) "Preplexity.ai and Executive Team"; (18) "Youtube and Executive Team"; (19) "Taxi & [Limousine] Commission"; (20) "ACLU NY"; (21) "HRA Deputy Commissioner Angela Johnson"; (22) "McDonald's Corp. 117 St. & 3rd Ave/3rd Ave @ 104 St"; (23) "Doordash Executive Staff and Customer Service Staff"; (24) "WHEDco Social Services Organization"; (25) the International Association of Independent Journalists; (26) "Local Grocery Stores, Eateries, and Markets (Concentration in East Harlem but available for 'activation' apparently in all 5 boroughs and New Jersey)"; (27) "Government Agencies (DOJ, HRA, HRA Commissioners Office, Parks Department (Marcus Harvey Park and Central Park,

Select Staff and Supervisor) with Central Park Conservatory, SEC, SEC Commissioner, FTC, NYPL (125 St 3rd-2nd Ave and others.)"; (28) "Ronald L. Kuby Attorney of kubylaw.com"; (29) "Media Outlets (including: C-span, PBS, The Verge.com, Reuters, The New York Times, Churchleaders.com, Fox Business, Lex Fridman Podcast, Bloomberg.com, Wired.com, The Nation, The Drudge Report and others)"; and (30) Deepseek AI.

Plaintiff has also filed a motion requesting "production of documents" from several of the Defendants and alleged interested parties. (ECF 3.) In addition, she has filed a proposed Order to Show Cause for a Preliminary Injunction and a Temporary Restraining Order ("OTSC"), in which she asks the Court to immediately enjoin the Defendants from "using or disclosing [her] trade secrets or confidential or private information, including personal information without direct permission by [her], as well as [from] stalking, cyber trafficking and harassment via proxies." (ECF 4, at 1.) In that same proposed OTSC, Plaintiff also asks the Court to immediately enjoin the Defendants from "surveilling (electronically or otherwise), obstructing, harassing, hacking, sabotaging, disengaging [her] from any games, campaigns or experiments, systems or programs, and all mechanisms unauthorized and illegal or that violate [her] rights" and from "monitoring, accessing accounts, tracking, or any other unauthorized and illegal activity concerning or regarding . . . [her] or family [and] friends of [hers]." (*Id.* at 1-2.)

Plaintiff has further filed a "Restitution Proposal for Federal Complaint" in which she seeks monetary relief and injunctive relief. (ECF 5.) She has additionally filed a motion for permission for electronic case filing. (ECF 9.)

By separate order dated September 17, 2025, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, leave to proceed without prepayment of fees. For the reasons set forth below, the Court dismisses this action as frivolous.

## STANDARD OF REVIEW

Under the IFP statute, a federal district court must dismiss a complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The court also must dismiss a complaint when it lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3). Although the law mandates dismissal on any of these grounds, courts are obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

## BACKGROUND

The following allegations are drawn from the complaint.[1] Plaintiff asserts that, "[f]rom at least late February 2024 to [the] present, [she] has noticed that nearly all of her activities . . . have been monitored." (ECF 1-1, at 4.) She has:

> suffered repeated and unexplained delays using artificial intelligence tools, access to research databases, and online legal resources commonly used by federal litigants to draft filings, without comparable issues in unrelated usage or observed during use by accessing the resource through alternate accounts or browsers. She observed abrupt slowdowns, lockouts, earlier than usual system limits or abnormal system behaviors on her computers contemporaneously with these activities.

(*Id.*)

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the complaint unless noted otherwise.

She also asserts that "these disruptions and anomalies are the result of coordinated technical interference—such as hacking, unauthorized surveillance, or digital obstruction—by or at the direct of Defendants." (*Id.*) Plaintiff states that her "original works were misappropriated by Defendants in campaigns, technologies, social experiments and commercial agendas, including but not limited to digital extraction methods, available to Defendant[] Musk and Co-defendants via their vast technological, governmental and monetary resources including Starlink, Meta and Palantir." (*Id.*)

In addition, "[b]eginning in or about law February 2025, Defendants—in concert and via proxies—used physical tracking, device monitoring, and mass data analytics to surveil, intimidate, and intrude upon Plaintiff's privacy." (*Id.* at 5.) "Following Plaintiff's attempts to expose or resist the above activity, she was subjected to increased systematic harassment by individuals, businesses, and proxies at the primary Defendants' direction or encouragement." (*Id.* at 6.) This "includes real-time monitoring, retaliatory acts of harassment and possible intervention in Plaintiff's attempts to communicate and collaborate with Kamala Harris and the Harris Campaign." (*Id.*).

Plaintiff asserts that she:

> has suffered intensified psychological, emotional and physical distress, suspicious eviction resulting in extreme homelessness; [P]laintiff [was] forced to take shelter in [her] ex-husband's vehicle during [the] entire ordeal . . . and resides there currently, severe financial instability, difficulty accessing restrooms or facilities for routine hygienic maintenance (due to location, time of day, and coordinated efforts by proxies to purposefully restrict access allegedly on behalf of Musk, food insecurity due to restrictions in the type of food that can be acquired (cold only, including drinks) and lack of food storage or cooking facilities creating additional financial burden.

(*Id.* at 7.) She also asserts that she has:

> experienced a distinct and malicious severance of [a] sense of connection to the community she grew up in as well as humanity itself due to the scope and scale of the campaign against her . . . resulting in a devastating blow and permanent

> damage to her sense of person-hood or ability to trust anything or anyone, loss of legal certainty, substantial delays in seeking redress, and reasonable fear for her safety.

(*Id.*) Additionally, Plaintiff has "suffered [an] inability to safely and privately receive medical care for injuries or for other health challenges incurred during or caused due to the conditions and events during the extended harassment campaign." (*Id.*)

**DISCUSSION**

**A. Plaintiff's claims are frivolous**

The IFP statute requires a court to dismiss an action, or a portion of the action, if the court determines that it is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). "[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." *Livingston*, 141 F.3d at 437 (internal quotation marks and citation omitted); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (A claim is frivolous when it "lacks an arguable basis either in law or in fact.").

"[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A complaint is "'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless'—that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'" *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton*, 504 U.S. at 32-33) (finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks).

Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Id.* Rather, a complaint must include a factual basis in support of the complaint's claims. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level[.]" (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–236 (3d ed.2004) ("[T]he pleading must contain something more

. . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.") (footnote omitted)).

Plaintiff's complaint is premised upon her belief that the Defendants and others have been surveilling her and have been interfering with almost all, if not, all parts of her life, to her detriment. These allegations, which are without any factual support, amount to conclusory allegations and suspicions that are "wholly incredible." *Denton*, 504 U.S. at 33. Accordingly, the Court finds that Plaintiff does not provide any plausible factual support for her claims and that they rise to the level of the irrational. *See Livingston*, 141 F.3d at 437. The Court therefore dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i); *Neitzke*, 490 U.S. at 323 (noting that the IFP statute "authoriz[es] *sua sponte* dismissal of an [IFP] complaint 'only if the petitioner cannot make any rational argument in law or fact which would entitle him or her to relief'").

**B. Leave to amend denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Plaintiff's complaint does not suggest that she is in possession of facts that would cure the identified deficiencies. *See Gallop*, 642 F.3d at 369 (district court did not err in dismissing claim with prejudice in absence of any indication that the plaintiff could or would provide additional allegations leading to different result). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant her leave to amend.

**CONCLUSION**

The Court dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i). Accordingly, the Court denies all of Plaintiff's pending motions and requests, including

Plaintiff's proposed OTSC, but with the exception of Plaintiff's motion for permission for electronic case filing. Thus, the Court directs the Clerk of Court to terminate ECF 3. The Court grants Plaintiff's motion for permission for electronic case filing. (ECF 9.) The Court therefore also directs the Clerk of Court to terminate ECF 9.

The Court further directs the Clerk of Court to enter a judgment dismissing this action for the reason set forth in this order.

SO ORDERED.

Dated: August 5, 2026
New York, New York

Louis L. Stanton

Louis L. Stanton
U.S.D.J.